**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-23748-ALTMAN**

**XYZ CORPORATION**,

    *Plaintiff*,

*v.*

**THE INDIVIDUALS, PARTNERSHIPS,**
**AND UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE A**,

    *Defendants.*

_____/

**OMNIBUS ORDER REGARDING SCHEDULE "A" CAUSES OF ACTION**

Upon *sua sponte* review of the record, the Complaint alleges violations of the Plaintiff's intellectual property rights by the Defendants identified on Schedule "A." *See generally* Complaint [ECF No. 1]. Having previously handled similar cases brought against defendants who have been identified solely by their internet username or marketplace addresses, we hereby **ORDER AND ADJUDGE** as follows:

1. Any pending motions, including the Sealed Motion [ECF No. 3] are **DENIED** *without prejudice  and with leave to refile* **by September 22, 2025**, in compliance with the following:

   a. Any request for alternate service under Federal Rule of Civil Procedure 4(f)(3), entry of temporary restraining order, or entry of preliminary injunction must be filed **separately** from the Complaint via the appropriate motion.

   b. Any motion for entry of temporary restraining order must be filed **separately** from any motion for entry of preliminary injunction.

c.  Any motion for entry of temporary restraining order or for entry of preliminary injunction must include detailed steps the Plaintiff has taken to verify that this Court has personal jurisdiction over **EACH** Defendant.  *See Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002) ("The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant."). The Plaintiff must sufficiently allege this Court's jurisdiction over **EACH** Defendant pursuant to Florida Statutes § 48.193(1)(a)(1)–(2) and § 48.193(1)(a)(6), or, in the alternative, Rule 4(k) of the Federal Rules of Civil Procedure.

d.  Any motion for entry of temporary restraining order or for entry of preliminary injunction must include or incorporate allegations that show: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest," and establish entitlement to relief with regard to **EACH** Defendant.  *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).  Additionally, if a motion requests entry of a temporary restraining order without notice to the adverse party or parties, the motion must also plead "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and the movant's attorney must certify "in writing any efforts made to give notice and the reasons why it should not be required."  FED. R. CIV. P. 65(b)(1).

e.  Any motion for entry of temporary restraining order or for entry of preliminary injunction must include or incorporate allegations that show why joinder of the

Defendants is proper under FED. R. CIV. P. 20. These allegations must explain *how* the Defendants' alleged infringements are related to one another and *why* these infringements should be considered the same (rather than similar) infringements for Rule 20 purposes. If the technical requirements of joinder under Rule 20 are met in this action, the Plaintiff shall also set forth whether joinder of the Defendants promotes judicial economy.

f.  Any motion for alternate service upon the Defendants must state what methods the Plaintiff has undertaken to effectuate service. A motion for alternate service will not be granted where a plaintiff does not provide evidence or affidavits to show what efforts the Plaintiff has undertaken to determine whether the addresses it has on file for **EACH** Defendant are actually associated with **EACH** Defendant. *See, e.g.*, *Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22-2483, 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (finding alternative process under Rule 4(f)(3) proper where the plaintiff "conducted further online research, sent mail to the addresses, and conducted in-person visits" to determine whether physical addresses provided by Amazon were accurate). Further, any motion for alternate service effectuated upon a foreign defendant pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure **must** detail:

  i.  the proposed method of service for **EACH** Defendant;

  ii.  the domicile of **EACH** Defendant;

  iii.  what reasonable efforts were undertaken to discover **EACH** Defendant's domicile; and

iv.   whether the form of alternate service requested is permitted by the Hague
Convention on the Service Abroad of Judicial and Extrajudicial Documents
given **EACH** Defendant's domicile.

2.   Additionally, **by September 22, 2025**, counsel for the Plaintiff shall file a verified response to
this Order, which must include:

a.   Whether counsel has conducted a search of case filings in the records of the Clerk of
the United States District Court **for all districts** to ascertain whether the Defendants
have ever been sued *prior to the filing of this suit* for any alleged violations of the Plaintiff's
intellectual property rights.  If counsel did not conduct such a search prior to the filing
of this lawsuit, counsel shall conduct that search prior to responding to this Order and
indicate the results of that search in a verified response.

b.   If there has been a prior suit of the nature referred to in paragraph 2(a), *supra*, counsel
shall include in the verified response information about the present status of that
litigation, if it is pending, and, if not pending, the nature of the disposition (*e.g.*,
settlement, dismissal, or other disposition).

c.   If a prior suit of the nature described in paragraph 2(a), *supra*, was resolved by
settlement, counsel shall furnish to the Court specific details of that settlement,
including any agreement for attorney's fees and costs that is either known to counsel
or which can be ascertained with reasonable inquiry.  Copies of these documents shall
be furnished with the response to this Order.  Counsel shall also explain whether the
Defendants have complied with any settlement agreement and, if not, what actions the
Defendants must take to comply with that settlement agreement.

d.   Counsel shall explain what efforts were taken by the parties to the prior litigation to
enforce the terms of any prior settlement agreement.

4

3. To the extent the operative Complaint is not in compliance with the terms of this Order, the Plaintiff shall promptly file an Amended Complaint.

4. Failure to comply with any of the requirements set forth herein will result in the dismissal of this case for failure to comply with Court orders, without further notice. *See* FED. R. CIV. P. 41(b).

**DONE AND ORDERED** in the Southern District of Florida on September 8, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record